IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAEQUON DEWRELL ALLEN,

    Plaintiff,

v.

DAVID J. MAHONEY, ET AL.,

    Defendants.

ORDER

Case No. 16-cv-410-wmc

    In an order entered on June 14, 2016, plaintiff Raequon Dewrell Allen was told that before I could consider a request to proceed without prepayment of the filing fee, plaintiff would have to submit a trust fund account statement covering the six-month period preceding the filing of the complaint to determine if plaintiff qualifies for indigent status and if so, assess an initial partial payment of the $350 filing fee. On July 11, 2016, plaintiff submitted a letter, dkt. #5, to the court stating he has been sent to another institution and is unable to access a trust fund account statement because his account at the prior facility was closed when he was transferred to his current location.

    For this case to proceed, plaintiff only needs to submit a six-month certified copy of a trust fund account statement from the institution where he is currently located—Dodge Correctional Institution. Plaintiff does not need to submit a trust fund account statement from any other institution he was previously located. Accordingly, I will construe plaintiff's letter as a request for an extension of time to obtain a trust fund account statement from the institution he is currently located, and submit it to the court by July 27, 2016.

1

ORDER

IT IS ORDERED that plaintiff Raequon Dewrell Allen may have an enlargement of time until July 27, 2016 to submit a certified trust fund account statement for the period beginning approximately December 8, 2015 and ending approximately June 8, 2016. If, by July 27, 2016, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

Entered this 13th day of July, 2016.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge