IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAEQUON DEWRELL ALLEN,

          Plaintiff,  OPINION AND ORDER

v.

DEPUTY RICHARDSON  16-cv-410-wmc

          Defendant.

*Pro se* plaintiff Raequon Dewrell Allen is proceeding in this civil lawsuit against defendant Deputy Richardson on a Fourteenth Amendment excessive force claim arising from an incident that took place on January 28, 2016. There are several motions currently pending before the court that this opinion resolves.

I. **Defendant's motion to compel (dkt. #43)**

Richardson seeks an order compelling Allen to endorse a medical authorization form that would permit her to review records from Allen's health care providers from the past six years. Because Allen claims to have suffered damages allegedly caused by Richardson during the January 28, 2016, incident that is the subject of this lawsuit, Richardson seeks to review Allen's medical records from the past 6 years in preparation of a defense to any claim of actual injury. Despite receiving several extensions of time to respond, Allen has failed to file an opposition brief explaining why he continues to refuse to comply with Richardson's request.

While Allen's medical records from the past six years are not central to Allen's

claims, Richardson's request to review them are reasonable.  Therefore, the court will direct

Allen to return signed and fully completed the requested medical authorization, by **May

4, 2017**.  While this is a "direction," not an "order," Allen should be aware that his **failure

to disclose this information will likely result in the court precluding him from

seeking damages for physical or mental injury.**[1]  This is because defendants are entitled

to review medical records both before and after the incident for comparison purposes.[2]

Allen may choose how he wishes to proceed, but any further failure to comply with

defendant's request will effectively be a choice to forego monetary damages in this case.

## II.     Plaintiff's motion for injunction and restraining order (dkt. #30)

Allen is currently incarcerated by the Bureau of Prisons at Big Sandy. On September

14, 2017, Allen filed a motion for an injunction barring Richardson from harassing him or

taking any retaliatory action against him, explaining concern about returning to the Dane

County Jail for resentencing in this court.  As an initial matter, plaintiff's motion is

procedurally defective because it does not comply with this court's procedure for obtaining

preliminary injunctive relief, a copy of which will be provided to plaintiff with this

order.  Under these procedures, a plaintiff must file and serve proposed findings of fact

that support his claims, along with any evidence that supports those findings.  Before the

---

[1] This court will not directly compel plaintiff to disclose confidential medical information, if he chooses not to do so, but as set forth above, his failure to facilitate disclosure will impact his damages claim in this lawsuit.

[2] To the extent Allen is concerned about misuse of information in his medical records, only the defendant's counsel and any designated third-party expert will have access to that information and it may be used only for purposes related to this lawsuit.

merits of plaintiff's motion for preliminary injunction will be considered, he must first comply with these basic requirements.

Even if plaintiff's motion were not facially flawed, it would likely fail on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff has yet to show a likelihood of success on the merits of his claims. In order to do so, he would have to submit actual evidence in support his claim against Richardson. He would also have to submit more detailed evidence as to why he would be harmed absent an injunction imposed against her. Given that it does not appear that Allen is likely to be housed in the Dane County Jail in the near future, it does not appear that such evidence exists. For all these reasons, plaintiff's motion for injunctive relief will be denied without prejudice to resubmission.

III.    Plaintiff's motion to amend (dkt. #35)

On October 10, 2017, Allen also filed a motion to amend his complaint to include additional constitutional claims related to the January 28, 2016, incident. In addition to his claim for excessive force, the plaintiff would now claim violation of his Fourteenth Amendment rights to due process and equal protection, as well as unspecified rights under the Ninth, Tenth and Fifth Amendments. Allen provides no basis for asserting a due process claim or for his other claims under the Ninth, Tenth and Fifth Amendments, so the court will deny his motion to do so, but his request to add a Fourteenth Amendment

3

equal protection claim requires more discussion.

A "person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of* Milwaukee, 44 F.3d 550, 552 (7th Cir. 1995). At the pleading stage in particular, a plaintiff is required at minimum to allege: (1) "that he is a member of a protected class"; (2) "that he is otherwise similarly situated to members of the unprotected class"; and (3) "that he was treated differently from members of the unprotected class." *Brown v Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)).

Allen seeks to add an equal protection claim because he believes that Richardson assaulted him because he is black. In his complaint, however, Allen alleged only that Richardson assaulted him because of his status as a prisoner, and the only facts Allen has pled regarding the incident are that Richardson yelled "stop resisting" and assaulted him. As a result, Allen's new conclusory claim lacks any factual allegation suggesting that Richardson treated similarly situated, non-black prisoners differently. This is simply insufficient to support an equal protection clause claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Allen also claims that Dane County police officers have shown a policy of systematic discrimination against African American prisoners, but he may not proceed on this basis either. Setting aside the fact that Richardson would not be the proper defendant for this type of claim, and assuming that the court were disposed to add the Dane County Sheriff

as an additional defendant, Allen still has not pleaded sufficient facts to infer that the Dane County's Sheriff's Office "adopted and implemented a policy not for a neutral . . . reason but for the purpose of discriminating on account of race, religion, or national origin." *Iqbal*, 556 U.S. at 676-77. Since a plaintiff must allege an improper motive, and not merely a discriminatory impact, *see Washington v. Davis*, 426 U.S. 229, 245 (1976), Allen's motion to amend will be denied as futile.

IV. **Plaintiff's motion for sanctions and to compel (dkt. #38)**

Allen filed a motion for sanctions and to compel with respect to his request to preserve video footage from the January 28, 2016, incident. Richardson responds that Allen never made a discovery request for the video. Regardless, Richardson represents through counsel that the video was overwritten one year and five months before Judge Crocker's order to preserve the video footage. As support, Richardson provides an affidavit from Krist Boldt, an employee of the Dane County Sheriff's Office. Boldt explains that the jail's video system automatically saves video for 25 to 35 days, depending on the camera, amount of recorded activity and memory space. If the footage is not manually saved to a DVD by that time, the system overwrites it and the video is lost. Boldt further explains that if the video is not saved to a DVD by the sheriff's office, there is no method to retrieve overwritten video.

As to the January 28, 2016, video footage relevant here, Boldt explains that the footage was overwritten at some point in February. This action would be problematic if the facts suggested that before the video footage was overwritten, the sheriff's office had

reason to know that Allen might pursue a lawsuit related to the January 28, 2016, incident. Indeed, if a jail official destroys video footage in a bad faith effort to hide adverse information, a plaintiff may be entitled to sanctions, including a spoiliation instruction permitting the trier of fact to infer that the recording contained evidence supporting the plaintiff's claim. *See Bracey v. Grondin*, 712 F.3d 1012, 1019-20 (7th Cir. 2013). However, nothing in the record before the court suggests that Allen filed a grievance about this incident before February of 2016, nor that Allen took other steps to put Richardson or the sheriff's office on notice of his possible claim. Because the record before the court suggests that the video was lost due to routine policy and was not done in bad faith, therefore, Allen's motion will be denied.

V. **Motion to obtain affidavits/statements from incarcerated witness (dkt. #68)**

Allen further moves for an order permitting him to contact a prison custodian for Willie Mills and Demenion (or according to defendant, "Daymon") Fraizer. The defendant maintains in her proposed findings of fact about this incident that Frazier is the inmate Allen fought with on January 28, 2016, and Allen maintains that both Mills and Fraizer witnessed Richardson's alleged assault on the plaintiff. Regardless, Allen states that he would like to reach out to both Mills and Fraizer about their willingness to testify or submit an affidavit describing what they saw that day. Allen also asks for an order directing their custodian to arrange their attendance at his October 29, 2018, trial in this matter. At this point, both of these requests will be denied.

As to Allen's first request -- to contact the custodians at the institutions where Mills

and Fraizer are incarcerated -- such an order from this court is unnecessary. If Allen wishes to reach out to Mills and Fraizer about their willingness to testify on his behalf (either through an affidavit or through in-person testimony at trial), Allen is free to write to each of these individuals directly. It appears that Mills is located at the Kettle Moraine Correctional Institution, but it does not appear that Frazier is currently in the custody of the Wisconsin Department of Corrections. Either way, Allen is free to attempt contact with both of these individuals by mail, phone or otherwise, using the resources available to him. He does not need an order from the court to carry out those efforts. If, as he is attempting to communicate with these potential witnesses, Allen needs additional time to respond to defendant's motion for summary judgment, he should file a motion for an extension, which will likely be granted within reason.

To the extent Allen is requesting an order to require Mills or Fraizer to sit for a telephonic deposition or ultimately attendance at trial, both requests will be denied as premature. If Allen gets resistance from these witnesses to speak to him, he should follow up with the clerk's office to try to arrange for a deposition, with the understanding that he will have to cover the costs. Similarly, if this case proceeds to trial, the court will issue a Trial Preparation Order that will lay out the requirements and deadlines Allen will need to follow to request witnesses to appear at trial, something the court's *pro se* clerks will be willing to help facilitate. Accordingly, the court will deny this motion without prejudice.

VI.  **Plaintiff's motion for assistance in recruiting counsel (dkt. #53)**

Finally, the court will deny Allen's motion for assistance in recruiting counsel at this

time.  Unfortunately, there is no general right to counsel in civil cases.  *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).  Rather, courts have discretion to grant motions for assistance in recruiting counsel where a party meets several requirements.  *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010).  The court is satisfied that Allen has established both that he is unable to afford counsel and has made reasonable efforts to find a lawyer on his own without success, but it is simply not apparent that this is one of those relatively few cases in which the legal and factual complexities of the case exceeds the plaintiff's ability to prosecute it.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

The operative question is not whether a lawyer will do a *better* job than he can -- that is almost always the case -- but rather whether practically speaking Allen is unable to represent himself.  The answer to that question appears to be "no" for the following reasons.  First, Allen's claim in this lawsuit is straightforward, and the court is confident in Allen's ability to litigate this claim on his own.  For one, Allen is proceeding against Richardson on a claim that Richardson used excessive force against him on January 28, 2016.  To prove this claim, Allen will need to submit evidence of the facts related to that incident, which he can submit based on his own memory.  Second, Allen has actively participated in litigating this case, understands the nature of his claim, and, articulates arguments to the court effectively, if not always successfully, demonstrating that he has been researching his claim and knows what he needs to prove it.

Accordingly, while the court is sympathetic to the challenges Allen faces in light of his lack of legal expertise, *pro se* status, and the limitations imposed by his incarceration, the legal and factual difficulty posed by his Fourteenth Amendment claim do not exceed

his abilities. As such, the motion for assistance in recruiting counsel will be denied without prejudice, subject to his right to renew it should this case proceed to trial and he discovers that the requirements at trial exceed his abilities.

ORDER

IT IS ORDERED that:

(1) Defendant's motion to compel (dkt. #43) is GRANTED. By **May 4, 2018,** Allen must return to defendants the modified form consenting to disclosure of his medical records for the past six years.

(2) Plaintiff Raequon Dewrell Allen's motion for temporary restraining order (dkt. #30) is DENIED without prejudice.

(3) Plaintiff Raequon Dewrell Allen's motion to amend complaint (dkt. #35) and motion for sanctions (dkt. #38) are DENIED.

(4) Plaintiff's motion to obtain affidavits/statements from incarcerated witnesses (dkt. #68) and motion for assistance in recruiting counsel (dkt. #53) are both denied without prejudice.

Entered this 27th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge