IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAEQUON DEWRELL ALLEN,

               Plaintiff,               OPINION AND ORDER

  v.

                                              16-cv-410-wmc

DEPUTY RICHARDSON,

               Defendant.

*Pro se* plaintiff Raequon Dewrell Allen is proceeding in this civil lawsuit against defendant Deputy Richardson on a Fourteenth Amendment excessive force claim arising from an incident that took place on January 28, 2016. On April 27, 2018, the court issued an order resolving several motions, including Allen's request for assistance in recruiting counsel, which was denied. (Dkt. #70.) On May 3, 2018, the court received a renewed motion for assistance in recruiting counsel from Allen, which appears to have crossed the court's order in the mail. In his renewed request, Allen states that the restrictions he's dealing with at Big Sandy - USP make it impossible for him to respond to defendant's motion for summary judgment. For the reasons that follow, I'm denying Allen's motion without prejudice but will give him an additional two weeks to meet the opposition deadline.

As previously explained to Allen, he does not have the *right* to counsel in this case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Rather, courts have discretion to grant motions for assistance in recruiting counsel where a party meets several requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). While the court previously

accepted that Allen has established both that he is unable to afford counsel and has made reasonable efforts to find a lawyer on his own without success, at least at this stage, the legal and factual complexities of the case do no exceed Allen's ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The operative question is not whether a lawyer will do a *better* job than he can -- that is almost always the case -- but rather whether practically speaking Allen is unable to represent himself. The answer to that question remains "no" because Allen's claim in this lawsuit is straightforward and he is well-equipped to meet his obligations.

Allen is proceeding against Richardson on one claim: Richardson used excessive force against him on January 28, 2016. His obligation at this point is to oppose defendant's motion for summary judgment by May 16, 2018. To do this, Allen needs to follow this court's procedures for summary judgment motions, which are attached to the Preliminary Pretrial Conference order. (*See* dkt. 29, at 19-23.) In general, to respond to defendant's motion for summary judgment, Allen's obligations are to submit an opposition brief, a response to defendant's proposed findings of fact, his own proposed findings of fact that cites to evidence related to that incident, and his own evidence.

Allen's filings in this lawsuit suggest that he remembers the event in question and that he is capable of preparing his opposition materials. First, I am confident that Allen can prepare a response brief. Because Allen's status at the time of the incident could be unclear, defendant's motion for summary judgment set forth and analyzed his claim under both the Eighth and Fourteenth Amendment's standards for excessive force claims. Allen should be able to review those arguments and respond with his own arguments by drawing

2

on his memory of events and the materials in the law library.  Similarly, I am confident that Allen can respond to defendant's proposed finding of fact because it is only five pages long and relates only to the events of January 28, 2016.  As for his evidence, Allen appears on track to meet his obligation.  Allen can submit his own declaration, sworn under penalty of perjury, that provides his version of events.  Moreover, Allen's motion requesting affidavits from other Dane County jail inmates suggest that is making efforts to reach out to other individuals who witnessed the incident and might be able to submit declarations corroborating his version of events.  Accordingly, while Allen's ability to garner evidence may be limited by the nature of his incarceration, he is capable of responding to defendant's motion for summary judgment.  As such, the motion for assistance in recruiting counsel will be denied without prejudice, once again subject to Allen's right to renew it should this case proceed to trial and he discovers that the requirements at trial exceed his abilities.  That said, to give Allen additional time to gather his opposition materials, I will extend his deadline to respond to defendant's motion for summary judgment four weeks, until **June 13, 2018.**

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion for assistance in recruiting counsel (dkt. 70) is DENIED without prejudice.

(2) Plaintiff's opposition to defendant's motion for summary judgment is due **June 13 2018**, and defendant's reply is due **June 25, 2018.**

Entered this 7th day of May, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge