IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

RAEQUON DEWRELL ALLEN,
                 Plaintiff,               CASE NO. 16-CV-410

v.

DEPUTY RICHARDSON,
                 Defendant.

_____

**DEFENDANT RICHARDSON'S PROPOSED JURY INSTRUCTIONS**
_____

ALEXA RICHARDSON, by her attorneys, MUNICIPAL LAW & LITIGATION GROUP, S.C., hereby submits the following proposed jury instructions.  In addition to the court's standard instructions set forth in the Preliminary Pretrial Conference Order (Dkt. # 29), Defendant Richardson requests the additional instructions set forth below.  Defendant Richardson requests these jury instructions without waiving her right to amend, supplement, or withdraw all or any portion of these instructions as evidence and the Court's rulings at trial may dictate.

## 1.03 ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, the defendant is a county employee.  All parties are equal before the law. A county employee is entitled to the same fair consideration that you would give any individual person.

7th Circuit Pattern Instruction Civil 1.03
Submitting Party:  Defendant Richardson

## 1.09 LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial, I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

7th Circuit Pattern Instruction Civil 1.09
Submitting Party:  Defendant Richardson

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

7th Circuit Pattern Instruction Civil 1.11
Submitting Party:  Defendant Richardson

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

7th Circuit Pattern Instruction Civil 1.16
Submitting Party:  Defendant Richardson

## 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

7th Circuit Pattern Instruction Civil 1.18
Submitting Party:  Defendant Richardson

## 2.11.   IMPEACHMENT BY CONVICTION OF CRIME

You have heard evidence that witness [NAME] have been convicted of [a crime] [crimes]. You may use that evidence only to help you decide whether to believe the witness and how much weight to give [his] testimony.

7th Circuit Pattern Instruction Civil 2.11
Submitting Party:  Defendant Richardson

## 7.01 GENERAL: POLICE DEPARTMENT/MUNICIPALITY NOT A PARTY

Alexa Richardson is being sued as an individual. Neither Dane County nor the Dane

County Sheriff's Office is a party to this lawsuit.

7th Circuit Pattern Instruction Civil 7.01 (2017 proposed version) (modified).
Submitting Party:  Defendant Richardson

## 7.15 EIGHTH AMENDMENT: EXCESSIVE FORCE AGAINST CONVICTED PRISONER – ELEMENTS

To succeed on his claim of excessive use of force, Plaintiff must prove each of the following (number of elements) things by a preponderance of the evidence:

1. Defendant intentionally used force on Plaintiff.

2. Defendant did so for the purpose of harming Plaintiff, and not in a good faith effort to maintain or restore security or order.

3. Defendant's conduct harmed Plaintiff. Plaintiff does not need to prove that he suffered a serious injury. If Defendant's use of force caused pain to Plaintiff, that is sufficient harm, even if Plaintiff did not require medical attention or did not have long lasting injuries.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

In deciding whether Plaintiff has proved that Defendant used force for the purpose of harming Plaintiff, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider are

- the need to use force,
- the relationship between the need to use force and the amount of force used,
- the extent of Plaintiff's injury,
- whether Defendant reasonably believed there was a threat to the safety of staff or prisoners,
- any efforts made by Defendant to limit the amount of force used, and
- whether Defendant was acting pursuant to a policy or practice of the prison that in the reasonable judgment of prison officials was needed to preserve security or order

An officer is entitled to use some force if a prisoner disobeys a valid command. You may still consider, however, whether the amount of force used was excessive.

7th Circuit Pattern Instruction Civil 7.18 (2017 proposed version) (modified).
Submitting Party:  Defendant Richardson

## 7.23 DAMAGES: COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of Alexa Richardson's use of force on January 28, 2016.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and emotional pain and suffering that Plaintiff has experienced proximately caused by Alexa Richardson's use of force. No evidence of the dollar value of physical or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he sustained.

If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

7th Circuit Pattern Instruction Civil 7.23 (modified)
Submitting Party:  Defendant Richardson

**7.27 COMPENSATORY DAMAGES IN PRISONER CASES**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Alexa Richardson's use of force on January 28, 2016.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. You may award Plaintiff damages for the mental or emotional pain and suffering that he has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).


7th Circuit Pattern Instruction Civil 7.27 (modified)
Submitting Party:  Defendant Richardson

WHEREFORE, Defendant requests that the Court adopt and read these jury instructions to the jury at the trial of this case.

Dated this 11th day of January 2019.

**MUNICIPAL LAW &**
**LITIGATION GROUP, S.C.**
Attorneys for Deputy Richardson

By:    /s/ Remzy D. Bitar
       REMZY D. BITAR
       State Bar No. 1038340
       LUKE A. MARTELL
       State Bar No. 1103301
       730 N. Grand Avenue
       Waukesha, WI 53186
       Tele. (262) 548-1340
       Fax. (262) 548-9211
       rbitar@ammr.net
       lmartell@ammr.net