IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAEQUON DEWRELL ALLEN,

                    Plaintiff,                                ORDER

    v.

                                             16-cv-410-wmc

DEPUTY RICHARDSON,

                    Defendant.

The court is in receipt of plaintiff's motion for writs of habeas corpus ad testificandum, renewing his prior request to subpoena for appearance at trial: Vernon M. Richardson, Richard L. Johnson, Kenneth T. Sanders, Andre L. Sykes, and Willie U. Mills.[1] Plaintiff represents that these individuals witnessed the events on January 26, 2016 in the Dane County Jail's Cellblock 607. (Dkt. #84 at ¶¶ 2-4, 7, 9.) He further represents that all of proposed witnesses are housed by the Wisconsin Department of Corrections ("DOC") and refuse to testify. (Dkt. ##83, 125). The latter representation appears to be based on plaintiff having "sent several letters to these witnesses" without any response. (Dkt. #84 at ¶ 13.) Absent evidence to the contrary, the court will normally accept this as sufficient proof these witnesses are refusing to testify voluntarily.

Notwithstanding plaintiff's belief to the contrary, however, it appears that none of these witnesses are in the custody of the DOC. To the contrary, a DOC Offender Search indicates: there is no offender named Vernon M. Richardson; two Richard L. Johnsons are

---

[1] In his original request, plaintiff also sought to subpoena Daymon J. Frazier. (Dkt. #83.) Frazier has since been deposed. (Dkt. #97.) If plaintiff would like to request a writ for the testimony of Frazier, he must alert the court. Otherwise, either side may proffer parts of Frazier's testimony if timely disclosed in advance of trial as contemplated in the pretrial conference order (dkt. #29).

now on active community supervision, as are Kenneth T. Sanders and Andre Sykes; and Willie U. Mills has absconded. Accordingly, none of these witnesses appears to be incarcerated currently.

As laid out in the trial preparation order, in order to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, a party must establish that: (1) the witness refuses to testify voluntarily; (2) the party has arranged for service or is unable to do so and requires the assistance of the United States Marshal or other person appointed by the court; and (3) the party is prepared to tender a check or money order payable to the witness to cover the daily witness fee, the witness's mileage, and any necessary room and board costs for the witness's appearance at trial. (Dkt. #104 at 20.) Plaintiff has made the second of these three showings. (*See* dkt. #84 at ¶ 14.) However, he has yet to show that these witnesses refuse to testify, since his only basis *appears* to be mailing letters to the DOC without receiving a response, which is hardly surprising if these individuals are no longer in custody. Assuming plaintiff can clear this hurdle, he must also demonstrate that he is prepared to pay the requisite witness fees. Specifically, before the Marshal can serve a subpoena, plaintiff must provide the necessary check or money order.

Consistent with the above, plaintiff's request to subpoena Vernon M. Richardson and Willie U. Mills is DENIED absent (1) information as to their whereabouts, (2) proof of attempts to get their cooperation and (3) providing an appropriate check or money order. As to Johnson, Sanders and Sykes, since they are all doing their community supervision in Madison, plaintiff need only show a refusal to voluntarily testify and a

check/money order for each.[2]  Once plaintiff provides the witness fees, the court will issue

the subpoenas and direct the Marshal to serve them.  Until that time, the remainder of

plaintiff's request is DENIED WITHOUT PREJUDICE.

Further, plaintiff previously filed a motion to compel the production of documents

before the discovery cutoff on December 21, 2018.  (Dkt. #98.)  Defendant opposed the

motion contending it was: premature since the production was not yet due; untimely since

the request for documents was served within thirty days of the discovery deadline; and

moot since defendant has answered plaintiff's requests.  (Dkt. #99 at 4.)  Plaintiff has filed

nothing challenging any of these seemingly valid responses.  Accordingly, plaintiff's motion

to compel (dkt. #98) is DENIED AS MOOT.

Entered this 18th day of January 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] As noted, there are two Richard L. Johnsons.  One is doing community service in Madison, the other in Fond Du Lac.  Additional information is needed to determine which Johnson is the one with relevant information.