IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAEQUON DEWRELL ALLEN,

                  Plaintiff,                  OPINION AND ORDER

v.

                                                 16-cv-410-wmc

ALEXA RICHARDSON,

                  Defendant.

---

*Pro se* plaintiff Raequon Dewrell Allen is proceeding to trial on February 14, 2019, against Deputy Alexa Richardson on his excessive force claim arising out of an incident during his confinement at the Dane County Jail in Madison, Wisconsin, in January 2016. At the final telephonic pretrial conference on February 1 at 10:00 a.m., this court addressed defendant Richardson's motions in limine (dkt. #122) as follows.[1]

## I. MIL No. 1: Preclude Evidence of Insurance

Richardson seeks to exclude any evidence suggesting that she may have insurance covering plaintiff's claim, including prohibiting plaintiff from asking potential jurors about any connection they may have to insurance or insurance companies. (Dkt. #122 at 2-3.) Under Rule 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed.

---

[1] Plaintiff Allen filed no motions in limine on his own and a belated response to Richardson's motions, which was received after the telephonic final pretrial conference. (Dkt. #128.) Plaintiff's opposition argues that defendant's requests seek to: (1) "minimize" plaintiff's judgment; (2) "overload the courts with matters that are irrelevant at this stage of litigation"; and (3) challenge relevant, admissible evidence. (*Id.* at 1-2 (capitalization altered).) He requests that the court "dismiss the defendant[']s motions in limine, proposed jury instructions, proposed special verdict, and proposed voir dire." (*Id.* at 2.) These objections are mostly baseless and the court declines to "dismiss" defendant's submissions.

R. Evid. 411. While the rule allows the admission of evidence for other purposes, defendant is correct that none appear relevant here. Accordingly, defendant's MIL No. 1 is GRANTED. Further, as the court explained during the final pretrial conference, the court -- not individual parties or counsel -- asks the questions during voir dire and those questions are laid out in the court's proposed voir dire, with follow-up questions to individual jurors also posed by the court, even if prompted by a party's concern.

## II. MIL No. 2: Preclude Evidence of Indemnification

Defendant similarly seeks to preclude plaintiff from addressing any right to indemnification at trial. (Dkt. #122 at 3.) For the same reasons that plaintiff will be precluded from presenting evidence of insurance, he will be precluded from presenting evidence of indemnification. Defendant also seeks to prevent plaintiff from arguing that the jury should "send a message" to Dane County or the Sheriff's Department with its verdict because punishment is not a legitimate basis for a damages award. (*Id.* at 3-4.) However, if the jury determines that defendant's conduct was malicious or in reckless disregard of plaintiff's rights, it may choose to award punitive damages, which *are* designed to punish and make an example of the defendant.[2] (*See* Proposed Damages Instructions at 2.) As such, plaintiff may argue that the jury should "send a message," but only in his closing argument in the damages phase of trail *and* if the court permits him to seek punitive

---

[2] Defendant contends that Allen is precluded from recovering punitive damages "as a matter of law," citing *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981), however *Fact Concerts* only held that *a municipality* is immune from punitive damages under § 1983. Indeed, defendant later acknowledges that "[p]unitive damages are recoverable in Section 1983 actions where [an individual] defendant had a reckless or callous disregard to the federally protected rights of others." (Dkt. #122 at 16 (internal citations omitted).)

2

damages. Accordingly, defendant's MIL No. 2 is GRANTED IN PART and DENIED IN PART.

**III. MIL No. 3: Preclude Settlement Offers or Negotiations**

Richardson next seeks to preclude evidence of any settlement offers or negotiations between the parties. (Dkt. #122 at 4.) As defendant notes, Rule 408 prohibits the admission of offers of and negotiations to compromise for purposes of "prov[ing] or disprov[ing] the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. Since the court is unaware of any permissible use of evidence of potential settlement in this case, defendant's MIL No. 3 is GRANTED.

**IV. MIL No. 4: Preclude Reference to Other Claims**

Defendant further seeks to preclude reference to "any other claims, lawsuits, or proceedings brought against Richardson, Dane County, the Sheriff's Department or any other County official or employee" under Federal Rule of Evidence 403, because those other proceedings are irrelevant, prejudicial, and confusing to the jury. (Dkt. #122 at 4-5.) As a general proposition, defendant is correct that the probative value of this type of evidence is "substantially outweighed" by the risk of undue prejudice, confusing the issues, wasting time and possibly misleading the jury. *See* Fed. R. Evid. 403. Accordingly, defendant's MIL No. 4 is GRANTED.

## V. MIL No. 5: Preclude Evidence of Other Use of Force Incidents

Relatedly, Richardson seeks to preclude reference to or evidence of "adverse or publicized events involving law enforcement, including, but not limited to, 'police shootings,' 'excessive force,' 'abuse of authority,' police misconduct' or 'blue walls of silence.'" (Dkt. #122 at 5.) Just like in MIL No. 4, defendant is correct that the probative value of these unrelated incidents is "substantially outweighed" by the risk of unfair prejudice, confusion of the issues, wasted time, and a possibly misled jury. *See* Fed. R. Evid. 403. Accordingly, defendant's MIL No. 5 is GRANTED except by general allusion in closing argument should plaintiff be allowed to seek punitive damages.

## VI. MIL No. 6: Prohibit Plaintiff from Asking the Jury to Sympathize with Him

Richardson seeks to prevent the plaintiff from asking the jury to "place themselves in [his] shoes" or to "consider how much money they would pay to avoid the pain and suffering he alleges" because doing so would "improperly personalize[] this case for the jury." (Dkt. #122 at 6-7.) This so-called "Golden Rule" is a standard evidentiary prohibition and will be enforced here as well. Moreover, defendant's concern that the jury would improperly sympathize with the plaintiff is addressed by the court's instructions. (*See* Closing Instructions at 1 ("[Y]ou should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another . . . ."); Damages Instructions at 1 ("There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained."); *id.* at 2 (explaining that punitive damages "should not reflect bias, prejudice,

or sympathy toward any party").) Accordingly, defendant's MIL No. 6 is GRANTED.

**VII.    MIL No. 7: Admit Evidence of Prior Convictions**

In this motion, Richardson provides notice of her intent to rely on evidence of plaintiff's prior criminal convictions, as well as the prior convictions of "another witness, Frazier." (Dkt. #122 at 7.) Neither party intends to call Frazier as a witness. Accordingly, that portion of defendant's motion is DENIED AS MOOT.

Federal Rule of Evidence 609 governs the admission of evidence of criminal convictions used for impeachment of "a witness's character for truthfulness": evidence of a felony conviction "must be admitted, subject to Rule 403, in a civil case" if the conviction or release from confinement for the conviction occurred less than 10 years before. Fed. R. Evid. 609(a)(1)(A), 609(b). Defendant notes that plaintiff has felony convictions within the past ten years for: (1) being a party to a crime for operating a vehicle without consent, (2) battery by a prisoner, (3) aggravated battery with a dangerous weapon with a repeater modifier, and (4) interference with commerce by threat or violence and use of a firearm during a violent crime. (Dkt. #122 at 7, 9.) Defendant further argues that the Rule 403 balancing favors admissibility because: (1) the jury's assessment of Allen's credibility will be of "utmost importance" in deciding what happened to this case; (2) evidence of Allen's convictions presents "no danger" of jury confusion or arousing jury emotions; and (3) "Allen's prior convictions involve conduct that raises a question whether he was truly emotionally damaged by the incident at issue or whether any such injury or emotional distress arises from" other occurrences. (*Id.* at 9.)

The third contention is dubious, and the second is flat wrong. So the real question

5

is whether the likely prejudice here outweighs the relevance to assessing the plaintiff's credibility.

If plaintiff takes the stand, defense counsel may impeach plaintiff's character for truthfulness by asking the following questions:

1) "On November 18, 2013, you were convicted of being a party to a crime of driving or operating a vehicle without consent, true?"

2) "On April 10, 2014, you were convicted of battery, true?"

3) "On April 25, 2016, you were convicted of another battery, true?"

4) On November 26, 2017, you were convicted of interference with commerce by threats or violence, true?"

Unless plaintiff answers "no," defendant will not inquire further or be allowed to introduce other evidence related to these convictions. Moreover, the jury will be admonished that it may consider these convictions only for purposes of assessing defendant's character for truthfulness, but not for propensity. Accordingly, defendant's MIL No. 7 is GRANTED IN PART and DENIED IN PART.

## VIII. MIL No. 8: Preclude References to Future Harm

Richardson seeks to prevent plaintiff from presenting evidence or argument that the incident here resulted in permanent or future physical or mental harm without expert testimony supporting that assertion. (Dkt. #122 at 12-14.) Richardson also seeks to preclude "attempts by Allen to testify to the effect that he has been diagnosed with any particular condition because of this incident or has permanent injuries (physical or mental) because of this incident." (*Id.* at 13.)

Defendant is correct that plaintiff requires expert testimony to establish causation and the permanence of any injury because such conclusions are outside a layperson's expertise. *See Goffman v. Gross*, 59 F.3d 668, 672 (7th Cir. 1995) (explaining that "the medical effects of secondhand smoke are not within the ken of the ordinary person, so these inmates' lay testimony by itself cannot establish the showing of medical causation necessary to sustain [plaintiff's] claim"). Allen is also precluded from parroting any diagnosis that he may have received from a doctor or psychologist, because that would be rank hearsay. If Allen has any medical records that set forth a formal opinion or diagnosis, the court would at least consider its possible admissibility. Further, as Richardson recognizes, Allen "may testify about his own perception of his physical and mental health before and after the incident," provided it is not counted as an expert opinion. (Dkt. #122 at 14.) Finally, should plaintiff claim psychological harm, this may open the door to defendant introducing causation evidence relating to other incidents. Accordingly, defendant's MIL No. 8 is GRANTED IN PART and DENIED IN PART.

## IX. MIL No. 9: Preclude References to Discovery Issues

Richardson also seeks to preclude evidence or argument about discovery disputes because they are "in no way probative of the issue to be resolved in this case." (*Id.* at 15.) Mainly, defendant seeks to prevent plaintiff from testifying or arguing about the Dane County Jail's failure to preserve the video of the incident at issue here. (*Id.*) The court has already denied plaintiff's requests for sanctions, as well as his request to reconsider the court's denial of sanctions for this failure. (*See* dkt. #103 at 1-5.) The court stands by its earlier decisions and sees no basis for this dispute to be put before the jury. Rather, the

court foresees jury confusion and wasted time if any discovery disputes were presented to the jury. At the same time, plaintiff may argue that the Dane County Jail's policy of retaining videos of incidents for relatively short periods of time prevented greater certainty as to what actually occurred. Likewise, both parties may note that the lack of video evidence was not their fault. Accordingly, defendant's MIL No. 9 is GRANTED.

## X. MIL No. 10: Preclude Evidence of Emotional Distress

Next, defendant seeks to preclude plaintiff from pursuing compensatory damages for emotional distress, arguing that his general claim of such distress is insufficient because he: (1) failed to seek medical treatment; (2) refused to answer questions about his alleged distress and treatment during his deposition; and (3) provides no evidence of treatment for post-traumatic stress or emotional distress in his medical records. (Dkt. #122 at 15-16.) As defendant previously recognized, however, a plaintiff can testify about his own perceived mental and physical health before and after the incident. (*See id.* at 14.) Accordingly, these arguments go to the weight of plaintiff's evidence, not its admissibility, and defendant's MIL No. 10 is DENIED.

## XI. MIL No. 11: Prohibit Allen's Claim for Punitive Damages

Finally, Richardson seeks to prevent Allen from pursuing punitive damages, arguing that there is simply no evidence to support such a claim. (*Id.* at 16-18.) To recover punitive damages, plaintiff must show that defendant acted with "evil motive or intent" or with "reckless or callous indifference" to his constitutional rights. *Smith v. Wade*, 461 U.S. 30 (1983). If the jury believes Allen's version of events -- that order had been restored and

he was not resisting when Richardson repeatedly punched him in the back --it could also find that Richardson acted with a malicious intent to injure Allen or in reckless or callous indifference to his rights. Accordingly, defendant's MIL No. 11 is DENIED.

ORDER

IT IS ORDERED that defendant's combined motions in limine (dkt. #122) is GRANTED IN PART and DENIED IN PART, as set forth above.

Entered this 4th day of February, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge